UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MILTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION CTF- SOLEDAD, et al.,<br><br>Defendants. | Case No. 23-cv-00582-JST<br><br>**ORDER DISMISSING PLAINTIFF WILLIAM PARDUE'S WRONGFUL DEATH CLAIM**<br><br>Re: ECF No. 45 |

The Court previously ruled on Defendants' motion to dismiss Plaintiffs' first amended complaint. ECF No. 49. As the parties' most recent case management makes clear, however, the Court neglected to rule on the Defendants' motion to dismiss Plaintiff William Pardue's wrongful death claim. *See* ECF No. 53 at 3,8. This order rectifies that oversight.

Defendants move to dismiss Pardue's wrongful death claim on the grounds that he failed to comply with California's Government Claims Act. The Government Claims Act, Cal. Gov. Code §§ 810 *et seq.*, "is a comprehensive statutory scheme that sets forth the liabilities and immunities of public entities and public employees for torts." *Cordova v. City of Los Angeles*, 61 Cal. 4th 1099, 1104-05 (2015). With some exceptions not applicable here, the Government Claims Act also "requires that 'all claims for money or damages against local public entities' be presented to the responsible public entity before a lawsuit is filed." *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 734 (2007) (quoting Cal. Gov. Code § 905). Where applicable, this claim presentation requirement is a prerequisite to filing "suit for money or damages . . . against a public entity on a cause of action." Cal. Gov. Code § 945.4.

A claim for wrongful death must be submitted "not later than six months after the accrual

1  of the cause of action." Cal. Gov. Code § 911.2.  The date of accrual under the Government

2  Claims Act is the date on which the cause of action would accrue for purposes of the statute of

3  limitations in an action against a private party.  Cal. Gov. Code § 901.  "The statute of limitations

4  on a wrongful death action begins to run at the time of death."  *Kincaid v. Kincaid*, 197

5  Cal.App.4th 75, 80 (2011).

6  Raemon Pardue died on August 20, 2020.  ECF No. 40 ¶ 18.  However, William Pardue

7  did not tender his Government Claims Act claim until May 27, 2021.  *Id.* at 240.  Because Pardue

8  waited more than six months to file the claim, it was untimely.

9  For the foregoing reasons, Defendants' motion to dismiss William Pardue's wrongful

10  death claim is granted.

11  **IT IS SO ORDERED.**

12  Dated:  June 26, 2025



JON S. TIGAR
United States District Judge