UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WILLIAM MILTON, et al.,<br><br>              Plaintiffs,<br><br>        v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION CTF- SOLEDAD, et al.,<br><br>              Defendants. | Case No. 23-cv-00582-JST<br><br>**ORDER STRIKING FILINGS BY PLAINTIFF'S FORMER ATTORNEY**<br><br>Re: ECF Nos. 97, 98 |

On April 28, 2026, Attorney Elliott N. Tiomkin filed a motion to substitute as counsel for William Pardue. ECF No. 86. In the motion, Tiomkin noted that Pardue's previous counsel, Benjamin Pavone, had not consented to the substitution. *Id.* at 1. Pavone filed an objection to the motion, claiming that he had not heard directly from Pardue about the substitution and that Tiomkin was not qualified to take on the representation. ECF No. 87. The Court entered an order requiring Tiomkin to file a declaration from Pardue that he consented to the substitution, and Tiomkin did so. ECF Nos. 89, 90. The Court then granted the substitution. ECF No. 95. After the substitution was granted, Pavone filed a motion to appoint an expert to assess Pardue's competency for choosing to be represented by Tiomkin and a motion to shorten time on the competency motion. ECF Nos. 97, 98.

"It is axiomatic that an attorney cannot continue to represent a client in a lawsuit in contravention of that client's explicit instruction to the contrary." *Trulis v. Barton*, 107 F.3d 685, 693 (9th Cir. 1995). Pardue has affirmed that he wishes to be represented by Tiomkin and repeatedly requested that Pavone stop contacting him. ECF No. 90 at 1. Pardue has exercised his

"almost 'unfettered right' to choose counsel, and the 'right to discharge an attorney.'" *Diamond Tr. of Est. of Howrey LLP v. Hogan Lovells US LLP*, 950 F.3d 1200, 1210 (9th Cir. 2020) (*citing In re Mance*, 980 A.2d 1196, 1203 (D.C. 2009).  Accordingly, Pavone has no authority to file anything on Pardue's behalf.

"[D]istrict courts have inherent power to control their own dockets, including the power to strike items from the docket." *Queensridge Towers LLC v. Allianz Glob. Risks US Ins. Co.*, No. 2:13-CR-197 JCM PAL, 2015 WL 1403479, at *1 (D. Nev. Mar. 26, 2015) (citing *Ready Tramp., Inc. v. AAR Mfg., Inc.,* 627 F.3d 402, 404 (9th Cir.2010)).  Because attorney Pavone was not counsel of record at the time he filed them, the motions at ECF Nos. 97 and 98 are hereby stricken from the docket.

**IT IS SO ORDERED**

Dated:  June 11, 2026



_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

2